UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) **CRIMINAL ACTION**<br>**NO. 4:18-40020-TSH** |
| v. | ) |
| THOMAS LAVERTY, CHARLES LAVERTY, & ANDREA LAVERTY, Defendants. | )<br>)<br>)<br>) |

## ORDER AND MEMORANDUM ON DEFENDANTS' MOTION TO SUPPRESS (Docket No. 73)

**December 5, 2019**

**HILLMAN, D.J.**

The United States of America (the "Government") charged Thomas Laverty, Charles Laverty, and Andrea Laverty (collectively, "Defendants") with several counts of conspiracy to manufacture marijuana and launder money. Defendants move to suppress the evidence obtained pursuant to a search warrant issued by Magistrate Judge David H. Hennessy.[1] (Docket No. 73). For the following reasons, the Court ***denies*** the motion to suppress.

### Background

Andrea Laverty owned Chuck Laverty & Son, Inc. ("Laverty & Son"), a plumbing company with a principle place of business at 5 Victoria Terrace in Millbury, MA ("5 Victoria Terrace"). Laverty & Son commercially leased property at 843 Main Street in Clinton, MA ("843 Main Street"). Charles Laverty and Thomas Laverty worked for Laverty & Son.

---

[1] On November 5, 2019, this Court granted Charles Laverty's and Andrea Laverty's respective motions to join Thomas Laverty's motion to suppress. (Docket No. 83).

In 2017, the Drug Enforcement Agency ("DEA") conducted a federal investigation into Laverty & Son and determined that the plumbing business was a front for an illegal operation to grow marijuana for sale on the black market. DEA Agent Robert J. Olsen ("Agent Olsen") applied for a warrant to search 5 Victoria Terrace and 843 Main Street to obtain evidence related to drug and tax evasion crimes. In the affidavit in support of the application, Agent Olsen described statements from a confidential informant ("CS1") and an employee of Laverty & Son ("Employee 1"), his surveillance of each property, and his research into the tax filings, bank deposits, electrical bills, and credit card purchases of Defendants. Judge Hennessy found probable cause and issued a warrant. DEA agents searched 843 Main Street and 5 Victoria Terrace on October 17, 2017, and uncovered evidence of marijuana and money laundering conspiracies where the Defendants now seek to suppress from the introduction into evidence against them at trial.

## Discussion

"A warrant application must demonstrate probable cause to believe that (1) a crime has been committed—the 'commission' element, and (2) enumerated evidence of the offense will be found at the place to be searched—the so-called 'nexus' element." *United States v. Feliz*, 182 F.3d 82, 86 (1st Cir. 1999). "Probable cause exists when the affidavit upon which a warrant is founded demonstrates in some trustworthy fashion the likelihood that an offense has been committed or that there is sound reason to believe that a particular search will turn up evidence of it." *United States v. Schaefer*, 87 F.3d 562, 565 (1st Cir. 1996). "The standard we apply in determining the sufficiency of an affidavit is whether the 'totality of the circumstances' stated in the affidavit demonstrates probable cause to search either the premises or the person." *United States v. Khounsavanh*, 113 F.3d 279, 283 (1st Cir. 1997).

### 1. *Warehouse at 843 Main Street*

Defendants contend that the Olsen Affidavit fails to establish probable cause to search the warehouse at 843 Main Street.[2] Specifically, they argue that the Olsen Affidavit relies too heavily on statements made by CS1 and Employee 1, neither of whom is a credible source. Because other information in the affidavit independently corroborates each source's statements, the Court rejects this argument. *See United States v. Vigeant*, 176 F.3d 565, 570 (1st Cir. 1999) (rejecting reliance on a confidential informant's report where the affiant gave no indication that other information independently corroborated the testimony); *see also Schaefer*, 87 F.3d at 567 (finding probable cause where an affidavit "is not entirely dependent upon the informants' assertions, but includes many external data fortifying those assertions"). After CS1 told the DEA that Defendants operated a marijuana business out of Clinton, MA, for instance, Agent Olsen confirmed through independent business records that Defendants leased property in Clinton, MA. He also surveilled 843 Main Street and personally observed the Defendants entering and exiting the warehouse. Similarly, after CS1 identified Monday as the day Defendants harvested marijuana, Agent Olsen personally observed individuals carrying large buckets consistent with the transport of marijuana from 843 Main Street to 5 Victoria Terrace on several Mondays.[3] (Docket No. 82-1 at 6, 10–14). The Court also finds it significant that, in addition to being

---

[2] The Court assumes without deciding that the Defendants have standing to challenge the searches. The First Circuit has not indicated when an individual has a reasonable expectation of privacy in a commercial location, but even if Defendants have standing, their challenge fails on the merits.

[3] To the extent Defendants contend that the activity of these individuals is "innocuous" (Docket No. 73 at 4), the Court finds otherwise. Employees would have little need to regularly transport large buckets to and from 5 Victoria Terrace if Laverty & Son was indeed a plumbing business. Agent Olsen had reason to be suspicious under the circumstances. *See Khounsavanh*, 113 F.3d at 284.

consistent with other evidence obtained by Agent Olsen, Employee 1's statements were against his penal interests as a co-conspirator. *See Schaefer*, 87 F.3d at 566 ("The fact that an informant's statements are against his or her penal interest adds credibility to the informant's report.").

Even if the Court were to discount the statements of CS1 and Employee 1, however, other evidence in the Olsen Affidavit suffices to establish probable cause that Defendants conspired to grow marijuana at the warehouse at 843 Main Street. *See id.* at 567. Laverty & Son consumed abnormally large amounts of power—nearly four to eight times as much as the prior tenant at 843 Main Street. (Docket No. 82-1 at 16–18). Based on his experience and training that "large amounts of power are needed in support of indoor marijuana cultivation," Agent Olsen concluded that "the high amounts of electricity being used at 843 Main Street are being driven by equipment associated with a large-scale indoor marijuana grow operation, including many tons of air conditioning and grow lights." (Docket No. 82-1 at 15, 18). Defendants also made several large purchases from businesses selling marijuana supplies. For example, Andrea and Charles Laverty repeatedly purchased goods from HGTS, "a retail establishment specializing in the sale of equipment and nutrients especially for the indoor marijuana growing market," throughout 2015, 2016, and 2017. (Docket No. 82-1 at 19). They spent a further $400 at "Dutch MasterNutri425-50265 9 WA," a business that provides "quality cannabis-specific nutrients and additives," and $100 at "Growers House 520-314-4840 AZ," a hydroponics supply and indoor gardening center business that sells many products commonly used to cultivate marijuana, in March and April 2017. (Docket No. 82-1 at 20). Based on his experience and training, Agent Olsen concluded that Charles and Andrea Laverty made these purchases "to facilitate the cultivation of marijuana" at the warehouse. (Docket No. 82-1 at 20). Finally, Defendants made

substantial cash deposits to their accounts that they failed to report on their personal tax returns. (Docket No. 82-1 at 23). Agent Olsen found this behavior consistent with drug manufacturing and money laundering.

In sum, given "the totality of the circumstances described in the affidavit," the Court finds that Judge Hennessy had probable cause to issue a warrant to search the premises at 843 Main Street. *See Schaefer*, 87 F.3d at 567.

### 2. 5 Victoria Terrace

Defendants contend that the Olsen Affidavit fails to establish probable cause to search 5 Victoria Terrace for evidence of a marijuana conspiracy. 5 Victoria Terrace was the principal place of business for Laverty & Son. All the electrical bills for 843 Main Street were sent to 5 Victoria Terrace, and Andrea Laverty and Charles Laverty, the residents of 5 Victoria Terrace, made several large purchases from business selling marijuana supplies. Moreover, as noted above, Agent Olsen observed individuals carrying buckets consistent with the transport of marijuana from 843 Main Street to 5 Victoria Terrace on multiple Mondays. Given this evidence, the Court finds that Judge Hennessy had probable cause to issue a warrant to search 5 Victoria Terrace for evidence of a conspiracy to illegally grow and sell marijuana. The Court thus denies the motion to suppress the evidence recovered at 5 Victoria Terrace.

In any event, even if the Olsen Affidavit failed to establish probable cause as to evidence of the marijuana conspiracy, Defendants do not dispute that Olsen Affidavit establishes probable cause as to tax evasion for Charles Laverty, Andrea Laverty, and Laverty & Son. (Docket Nos. 73, 82 at 7). Because Charles Laverty's and Andrea Laverty's personal financial records and/or the financial records of Laverty & Son would have been located at 5 Victoria Terrace and the recovered marijuana evidence would have been in plain view during the search for these records,

the Court alternatively denies the motion to suppress on this ground. *See United States v. Crooker*, 688 F.3d 1, 8 (1st Cir. 2012).

### *3. Residence at 843 Main Street*

Defendants do not dispute that Olsen Affidavit establishes probable cause as to tax evasion for Thomas Laverty. (Docket Nos. 73, 82 at 7). Because Thomas Laverty's personal financial records would have been located at the residence at 843 Main Street and the recovered marijuana evidence would have been in plain view during the search for these records, the Court denies the motion to suppress the evidence recovered at the residence at 843 Main Street. *See Crooker*, 688 F.3d at 8.

### Conclusion

For the reasons stated above, the Court ***denies*** the motion to suppress (Docket No. 73).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
